**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                                                    Case No. 6:20-cv-52-RBD-DCI

GRAND BAHAMA CRUISE LINE,
LLC; ULTIMATE VACATION
GROUP, LLC; TROPICAL
ACCOMMODATIONS LLC; VSC,
LLC; CABB GROUP, LLC; FLORIDA
V.S.C. INC.; JOHNATHAN BLAKE
CURTIS; ANTHONY DIGIACOMO;
CHRISTOPHER A. COTRONEO;
CHRISTINA R. PETERSON; and
ROBERT J. PETERSON, II,

     Defendants.
_____

## ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT

Before the Court is the Unopposed Motion to Approve (Proposed) Stipulated Order for Permanent Injunction and Monetary Judgment (Doc. 48 ("Stipulated Agreement").) On review, the Stipulated Agreement is approved, and the requested relief is entered as follows.

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for civil penalties, permanent injunction, and other relief ("Complaint"), pursuant to Sections 5(a), 5(m)(1)(A), 13(b), 16(a) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 57(b), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105 against Johnathan Blake Curtis, Anthony DiGiacomo, Grand Bahama Cruise Line, LLC, Ultimate Vacation Group d/b/a Royal Bahama Cruise Line, LLC, Tropical Accommodations, LLC also d/b/a Grand Celebration Cruise Line, VSC, LLC, and Florida V.S.C. Inc. Plaintiff and Settling Defendants stipulate to the entry of this Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, **IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and the FTC's Telemarketing Sales Rule (the "TSR" or "Rule", as amended, 16 C.F.R. Part 310, by, among other things, assisting and facilitating: (a) placing telemarketing calls to consumers that delivered prerecorded messages; (b) placing telemarketing calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry; and (c) transmitting inaccurate caller ID

2

numbers and names with their telemarketing calls.

3.    Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.    Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.    "**Corporate Defendants**" means Grand Bahama Cruise Line, LLC; Ultimate Vacation Group, LLC, also d/b/a Royal Bahama Cruise Line, LLC; Tropical Accommodations LLC, also d/b/a; Grand Celebration Cruise Line; VSC, LLC; and Florida V.S.C. Inc., and their successors and assigns.

B.    "**Established Business Relationship**" means a relationship between a Seller and a person based on: (a) the person's purchase, rental, or lease

of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

C.    **"Individual Defendant"** or **"Individual Defendants"** means Johnathan Blake Curtis and Anthony DiGiacomo, individually and collectively.

D.    "**Lead Generator**" means any person that provides, in exchange for consideration, consumer information to a Seller or Telemarketer for use in the Telemarketing of any goods or services.

E.    "**National Do Not Call Registry**" means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

F.    "**Outbound Telephone Call**" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

G.    "**Seller**" means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to

provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

H.  **"Settling Defendant"** or **"Settling Defendants"** means the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

I.  "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## <u>ORDER</u>

### I.   PERMANENT BAN ON ROBOCALLS

**IT IS ORDERED** that Settling Defendants, whether acting directly or through an intermediary, are permanently **ENJOINED** from:

A.  Engaging in, or assisting others to engage in, or assisting others engaging in, the initiation of any Outbound Telephone Call that delivers a prerecorded message, unless such Defendant proves that such prerecorded message was delivered for the purposes of Section II.C.3 of this Order.

B.  Controlling, holding a managerial post in, consulting for, serving as an officer in, having any revenue sharing agreement with, or holding any ownership interest, share, or stock in any company that engages in conduct prohibited in paragraph A of this Section.

## II.  PROHIBITIONS ON ABUSIVE TELEMARKETING

**IT IS FURTHER ORDERED** that Settling Defendants, their agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are permanently **ENJOINED** from engaging in, causing others to engage in, or assisting others engaging in any of the following practices:

A.  Initiating any Outbound Telephone Call to any telephone number listed on the National Do Not Call Registry, unless the Settling Defendant proves that the call was placed on behalf of a Seller to a person from whom the Seller had:

1.  Obtained the express agreement, in writing, of such person to place calls to that person—such written agreement must clearly evidence such person's authorization that calls made by or on behalf of the Seller may be placed to that person, and must

include the telephone number to which the calls may be placed and the signature of that person; or

2.  An Established Business Relationship with such person, and that person has not stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of the Seller or Telemarketer.

B.  Initiating any Outbound Telephone Call to a person when that person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of either the Seller whose goods or services are being offered, or made by or on behalf of the charitable organization for which a charitable contribution is being solicited.

C.  Abandoning any Outbound Telephone Call to a person by failing to connect the call to a live operator within two seconds of the person's completed greeting, unless the Settling Defendant proves that the following four conditions are met:

1.  The caller, for each telemarketing call placed, allows the telephone to ring for at least fifteen second or four rings before disconnecting an unanswered call;

2. Whenever a live operator is not available to speak with the person answering the call within two seconds after the person's completed greeting, the caller promptly plays a recorded message that states the name and telephone number of the seller or charitable organization on whose behalf the call was placed; and

3. The caller retains records, in accordance with 16 C.F.R. § 310.5(b)−(d), establishing compliance with the preceding three conditions.

D. Failing to disclose truthfully, promptly and in a clear and conspicuous manner, the identity of the Seller, that the purpose of the call is to sell goods or services, and the nature of the goods or services.

E. Failing to transmit or cause to be transmitted to any Caller Identification Service in use by a recipient of a telemarketing call: (i) the telephone number of the telemarketer making the call, or the telephone number for customer service of the seller on whose behalf the call is made; and (ii) when made available by the telemarketer's carrier, the name of the telemarketer or seller to any Caller Identification Service in use by a recipient of a telemarketing call.[1]

---

[1] In the proposed injunction attached to the Stipulated Agreement, the parties proposed

### III.   LEAD GENERATOR REVIEW, NOTICE AND TERMINATION

**IT IS FURTHER ORDERED** that:

A.   Settling Defendants shall, within ninety (90) days of the date of entry of this Order:

1.   Review and determine the methods used by Settling Defendants' existing Lead Generators to obtain the leads sold or offered for sale to Settling Defendants and, if those leads were obtained by means of an Outbound Telephone Call that does not comply with this Order, Settling Defendants shall immediately cease purchasing leads from the Lead Generator unless and until Settling Defendants confirm that the Lead Generator is in compliance pursuant to the requirements specified in Section III.B below;

2.   Provide, electronically or otherwise, Settling Defendants' existing Lead Generators that use Outbound Telephone Calls to

---

additional language in this section prohibiting the Settling Defendants from "Violating the Telemarketing Sales Rule, l6 C.F.R. Part 310, a copy of which is attached to this Order as Attachment A." (Doc. 48-1, p. 6.) This language exhorts Settling Defendants merely to "obey the law," which constitutes an overly broad, unenforceable provision in an injunction. *See SEC v. Graham*, 823 F.3d 1357, 1362 n.2 (11th Cir. 2016); *see also Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1223 (11th Cir. 2000) ("An injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law."). As such, the Court rejects this proposed language.

generate leads with: (i) a copy of this Order; and (ii) a written notice stating that, if such Lead Generator sells any leads to Settling Defendants that do not comply with this Order, Settling Defendants will immediately cease purchasing leads from such Lead Generator; and

3. Obtain from all of Settling Defendants' existing Lead Generators that have been provided notice pursuant to Section III.A.2 above, an electronic acknowledgment or other signed and dated statement acknowledging receipt of this Order and the written notice set forth in the preceding subparagraph.

B. Prior to purchasing leads from any new Lead Generator, Settling Defendants shall:

1. Review and determine the methods used by the Lead Generator to obtain leads offered for sale to Settling Defendants and, if those leads were obtained by means of a telephone call that does not comply with this Order, Settling Defendants are prohibited from purchasing such leads;

2. For any Lead Generator previously terminated pursuant to Section III.A.1 above, conduct additional reviews, as specified

in Section III.B.1 above, on a quarterly basis for one (1) year to ensure continued compliance with this Order;

3.    Provide, electronically or otherwise, Settling Defendants' Lead Generators that use Outbound Telephone Calls to generate leads with: (i) a copy of this Order; and (ii) a written notice stating that, if such Lead Generator sells any leads to Settling Defendants that do not comply with this Order, Settling Defendant will immediately cease purchasing leads from such Lead Generator; and

4.    Obtain from each new Lead Generator provided notice pursuant to Section III.B.3 above an electronic acknowledgment or other signed and dated statement acknowledging receipt of this Order and the written notice set forth in the preceding subparagraph.

## IV.    MONETARY JUDGMENT FOR CIVIL PENALTY AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Six Million, Four Hundred Thousand Dollars ($6,400,000) is entered in favor of Plaintiff against Settling

Defendants, jointly and severally, as a civil penalty. The judgment is suspended subject to the subsections below.

B.  Individual Defendant Johnathan Blake Curtis is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Fifty Thousand Dollars ($50,000.00). Such payment must be made within seven days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.  Individual Defendant Anthony DiGiacomo is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Fifty Thousand Dollars ($50,000.00). Such payment must be made within seven days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

D.  Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendants' sworn financial statements

and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Defendant Johnathan Blake Curtis dated February 10, 2020, including all attachments and supplemental materials submitted thereto by Individual Defendant Johnathan Blake Curtis' counsel Mitchell Roth to Commission counsel on February 10, 2020;

2.      the Revised Financial Statement of Individual Defendant Johnathan Blake Curtis signed and initialed on January 14, 2021, including the Updated Financial Disclosure Submitted by Johnathan Curtis and signed on January 13, 2021, and all attachments and supplemental materials submitted thereto by Individual Defendant Johnathan Blake Curtis' counsel Mitchell Roth to Commission counsel on January 14, 2021;

3.      the sworn deposition testimony provided by Individual Defendant Johnathan Blake Curtis on May 26, 2021;

4.      the Financial Statement of Individual Defendant Anthony DiGiacomo signed on February 24, 2020, including all attachments and supplemental materials submitted thereto by

Individual Defendant Anthony DiGiacomo's counsel Mitchell Roth to Commission counsel on February 24, 2020;

5. the Revised Financial Statement of Individual Defendant Anthony DiGiacomo signed and initialed on January 7, 2021, including the Updated Financial Disclosure Submitted by Anthony DiGiacomo and signed on January 7, 2021, and all attachments and supplemental materials submitted thereto by Individual Defendant Anthony DiGiacomo's counsel Mitchell Roth to Commission counsel on January 7, 2021; and

6. the sworn deposition testimony provided by Individual Defendant Anthony DiGiacomo on May 27, 2021.

E. The suspension of the judgment will be lifted as to each Individual Defendant if, upon motion by the Commission, the Court finds that Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Individual Defendant in the amount specified in Subsection A above (which the parties stipulate only for

14

purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G.    Settling Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

H.    Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

J.    Each Individual Defendant acknowledges that his Social Security Number, which he has submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

V.    **CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Settling Defendants are permanently **ENJOINED** from directly or indirectly disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the telemarketing of cruise vacations.

## VI.   COOPERATION

**IT IS FURTHER ORDERED** that Individual Defendants Curtis and DiGiacomo must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Settling Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon ten days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

Further, to assist the Commission with any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint, and with monitoring Settling Defendant's compliance with this order,

Settling Defendants consent, for purposes of the Electronic Communications Privacy Act, to the disclosure, by electronic communications service providers and remote computing service providers, of the contents of their auto-dialed, telemarketing, or pre-recorded telephone communications and records or other information pertaining to his autodialed, telemarketing, or pre-recorded telephone communications. Settling Defendants further agree to execute, within five days of a request from the Commission, any forms or other documents evidencing their consent that may be required by such electronic communications service providers or remote computing service providers.

## VII.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that:

A.    Each Individual Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For five years after entry of this Order, Settling Defendants for any business that they, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of

the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Settling Defendant delivered a copy of this Order, he must obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Individual Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Individual Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Individual Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and

18

Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For fifteen years after entry of this Order, each Individual Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

    1.  Each Individual Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.  Additionally, Individual Defendants must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against it within fourteen days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: "FTC v. Grand Bahama Cruise Line, LLC."

## IX.    RECORDKEEPING

**IT IS FURTHER ORDERED** that each Individual Defendant must create certain records for fifteen years after entry of the Order and retain each such record for five years. Specifically, Individual Defendants, for any business that they,

individually or collectively with any other Defendants, are a majority owner or control directly or indirectly, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    all records necessary to demonstrate full compliance with each provision of this Order, including, among other documents and information:

1.    all submissions to the Commission;

2.    records of all Outbound Telephone Calls dialed by Defendant or dialed on behalf of Defendant or his businesses by their vendors, contractors, or Representatives, including for each call: (a) the number called; (b) the caller ID number displayed; (c) the time and date of the call; (d) the duration of the call; and

(e) any telephone number or IP address to which the call was

forwarded or transferred; and

E.      a copy of each unique advertisement or other marketing material.

**X.      COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling

Defendants' compliance with this Order, including the financial representations

upon which part of the judgment was suspended, and any failure to transfer any

assets as required by this Order:

A.      Within fourteen days of receipt of a written request from a

representative of the Commission, Settling Defendants must: submit

additional compliance reports or other requested information, which

must be sworn under penalty of perjury; appear for depositions; and

produce documents for inspection and copying. The Commission is

also authorized to obtain discovery, without further leave of court,

using any of the procedures prescribed by Federal Rules of Civil

Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

and 69.

B.      For matters concerning this Order, the Commission is authorized to

communicate directly with Settling Defendants. Settling Defendants

must permit representatives of the Commission to interview any

employee or other person affiliated with him who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court **RETAINS** jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED** in Chambers in Orlando, Florida, on October 21, 2021.



ROY B. DALTON JR.
United States District Judge